UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE RAFAEL HINOJOSA
GARCIA,

       Petitioner,

  v.                      Case No.:  2:25-cv-00879-SPC-NPM

MARKWAYNE MULLIN *et al.*,

       Respondents,

                               /

## OPINION AND ORDER

Before the Court are Jose Rafael Hinojosa Garcia's Motion on Entitlement to Attorneys' Fees (Doc. 23) and the government's response (Doc. 29).

Hinojosa Garcia filed this habeas action on October 3, 2025, to challenge the legality of his immigration detention. The Court ruled in his favor. In short, the respondents incorrectly determined Hinojosa Garcia was subject to mandatory detention under 8 U.S.C. § 1225(b)(2) rather than discretionary detention under § 1226(a). The Court ordered the respondents to provide Hinojosa Garcia the statutory process required under § 1226(a), including a bond hearing. Hinojosa Garcia now asks the Court to award attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

Under the EAJA, Hinojosa Garcia is entitled to attorneys' fees if (1) he was the prevailing party in a civil action brought by or against the United States, (2) the United States' position was not substantially justified, (3) no special circumstances make an award unjust, and (4) Hinojosa Garcia timely filed a motion for fees. 28 U.S.C. § 2412(d). There is no doubt that Hinojosa Garcia prevailed against the United States, and that he timely filed his EAJA motion. The government identifies no special circumstances, but it argues the Court should not award fees because its position was substantially justified.

"[T]o be substantially justified, the United States' position must have a 'reasonable basis in both law and fact.'" *Jean v. Nelson*, 863 F.2d 759, 767 (11th Cir. 1988) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). In other words, a position—even an incorrect one—is substantially justified if it "could satisfy a reasonable person." *Pierce*, 487 U.S. at 565. Factors courts should consider when evaluating the government's position include (1) the state at which the litigation was resolved, (2) views expressed by other circuit courts, (3) the legal merits of the government's position, (4) the clarity of the governing law, (5) the foreseeable length and complexity of the litigation, and (6) the consistency of the government's position. *Jean*, 863 F.2d at 759.

Immigration and Customs' Enforcement ("ICE")'s decision to detain Hinojosa Garcia under § 1225 rather than § 1226 reflected an agency-wide policy anchored by a decision of the Board of Immigration Appeals—*Matter of*

*Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). Since BIA decisions are binding on immigration courts nationwide, ICE's reliance on BIA precedence was reasonable.

When haled into this Court to defend ICE's actions, the government relied heavily on the reasoning set out in *Yajure Hurtado*. While this Court ultimately rejected the government's position, the matter was unsettled in the Eleventh Circuit at the time. And while the Eleventh Circuit has since found the government's position incorrect, it was a two-to-one decision. What is more, the Fifth and Eighth Circuits agreed with the government's position. Because the matter was unsettled when the government staked out its position and reasonable legal minds have agreed with it, the Court finds the government was substantially justified. Accordingly, Hinojosa Garcia's motion for fees (Doc. 23) is **denied**.

**DONE AND ORDERED** in Fort Myers, Florida on July 10, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1